**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David T. Schrock; Jodi M. Esch, | No. CV 11-0567-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Federal National Mortgage Association; CitiMortgage, Inc., | |
| Defendants. | |

At the time this case was removed, a fully briefed motion for a temporary restraining order ("TRO"), which had been argued to the Superior Court Judge, was pending. Plaintiffs are seeking to enjoin a forcible detainer action against them in state court, wherein they are going to be removed from their home.

**I.    Factual Background**

The time line of this case is as follows. Plaintiffs purchased the home in September 2003. In February 2009, they fell behind on their payments. In July 2009, CR Title substituted in as Trustee and noticed a Trustee sale of the residence for November 4, 2009. In August 2009, Plaintiffs allege they contacted CitiMortgage, Inc. to attempt to modify their loan.[1] Plaintiffs allege that CitiMortgage agreed to a loan modification, with a reduced monthly payment on a forty year repayment schedule. Plaintiffs began making this modified

---

[1] It appears undisputed on this record that CitiMortgage is the current lender.

payment in September 2009.[2] While Plaintiffs were negotiating a modification, Plaintiffs inquired about the status of the Trustee sale and were advised by CitiMortgage that they should ignore all correspondence from CitiMortgage regarding foreclosure because Plaintiffs had requested a modification. Between August 2009 and June 2010, Plaintiffs allege that they repeatedly requested that CitiMortgage send them written confirmation of the modification; and the CitiMortgage said it would send the written documentation at a later time.

When Plaintiffs made their June 2010 modified payment, CitiMortgage rejected the payment. At this point, Plaintiffs allege that they were advised by CitiMortgage that they were not eligible for a loan modification. After CitiMortgage rejected the June 2010 payment, CitiMortgage advised Plaintiff Esch that a Trustee sale of the house was scheduled for June 12, 2010.[3]

On August 11, 2010, Plaintiffs filed for bankruptcy. On December 15, 2010, the Bankruptcy Judge granted CitiMortgage's motion for relief from the automatic stay. On January 24, 2011, CR Title Services, Inc., as Trustee, sold the home to Defendant Federal National Mortgage Association ("Fannie Mae"). On February 23, 2011, Fannie Mae filed a Forcible Detainer action against Plaintiffs.

## II.   Analysis

In the motion for TRO, Plaintiffs seek to restrain and enjoin Defendants from "proceeding with or maintaining any eviction action pursuant to A.R.S. § 12-1171, *et seq.*, for possession of Plaintiffs' residence located at 3510 West Riordan Ranch Road, Phoenix, Arizona 85085, or from executing on any judgment from such an eviction." Doc. 1-1 at 3.

---

[2] After reaching this agreement in August 2009, Plaintiffs allege that in September 2009, CitiMortgage modified the agreement by advising Plaintiffs that they were in a three month trial of the loan modification and that they had to timely make their modified payments to qualify for a permanent modification after the trial period.

[3] This sale was postponed. In fact, from the originally noticed date, to the sale date, the Trustee postponed the sale 15 times.

In support of this requested relief, Plaintiffs argue that the Trustee sale was a "wrongful foreclosure" and invalid because the Deed of Trust was reinstated without notice to Plaintiffs, in violation of A.R.S. § 33-801; and, Plaintiffs request that the Trustee sale be set aside.

### A. Court's Authority to Issue a TRO

For purposes of this request for TRO, the Court will first consider the remedies available to Plaintiffs. In their response to the motion for TRO, Defendants argue that as a matter of abatement, this Court should defer to the first filed action, i.e. the forcible detainer action. The abatement cases cited by Defendants are exclusively state law cases applying state procedural rules; thus, they would not apply in federal court.

However, a federal court cannot sit as an appellate court over a state court judgment. *See generally Exxon Mobile v. Saudi Basic Industries*, 544 U.S. 280, 284 (2005). Additionally, even if the state court action has not reached a final judgment, "[t]he *Younger* abstention doctrine, as originally articulated by the Supreme Court, forbids federal courts from staying or enjoining pending state court proceedings." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1147 (9th Cir. 2007) (internal quotations omitted) (*citing Younger v. Harris*, 401 U.S. 37, 41 (1971));[4] *see also* 28 U.S.C. § 2283.

Because the TRO was fully briefed before this case was removed, neither party has discussed any of these doctrines and whether they would prevent this Court from issuing the requested TRO. Additionally, the Court notes that Plaintiffs did not request that the forcible detainer action itself be enjoined, but instead asked that Defendants be enjoined from enforcing any judgment arising from the forcible detainer action. The Court will require the parties to file supplemental briefing on this issue, and particularly whether this Court has the authority to grant the relief Plaintiffs request.

---

[4] *AmerisourceBergen* directed the district court to apply a four-prong test to determine whether abstention was appropriate; the federal court should abstain when: 1) there are ongoing state judicial proceedings, 2) the proceedings implicate important state interests; 3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims, and 4) the federal court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings. 495 F.3d at 1148-49.

**B.     Notice**

Substantively, Plaintiffs argue that this Court can invalidate the Trustee's deed because Plaintiffs were not given proper notice of the sale. Generally, under A.R.S. § 33-811(C), "[t]he trustor, its successors or assigns . . . shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to Rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale." Thus, § 33-811 requires Plaintiffs to assert any objections to and obtain injunctive relief from the trustee's sale prior to such sale or risk losing their rights to object. *See Spielman v. Katz*, 2010 WL 4038838, *3 (D. Ariz. 2010).[5]  However, the defense of lack of notice is not waived by A.R.S. § 33-811(C). *Martenson v. RG Financing*, 2010 WL 334648, *8-*9 (D. Ariz. 2010) (concluding that the plaintiff does not waive certain notice objections irrespective of the trustee's sale).

Here, there are multiple issues on which the Court will require supplemental briefing. First, the parties will address whether the provisions of A.R.S. § 33-807.01 (2010) apply to this sale, and if yes, whether Defendants complied.

Next, the parties will address whether the Court may consider the evidence presented by Defendants in the supplement required by the state court. Specifically, Plaintiffs argue that the declarations filed by Defendants are inadmissable hearsay. While declarations are sometimes admissible in Federal court (*see* 28 U.S.C. § 1746(2)), unlike in state court, for a declaration to be admissible, the declaration must be dated. These declarations are not dated. Thus, the parties shall address whether this Court should consider the declarations. Assuming the Court strikes the declarations, the parties shall brief whether the result is that this Court should invalidate the Trustee's deed due to the failure to the Trustee to strictly

---

[5] This Court has not addressed whether the waiver provisions of A.R.S. § 33-811(C) apply to the newly exacted A.R.S. § 33-807.01 (2010).

- 4 -

comply with the Deed of Trust statutes.[6] The Court recognizes that Defendants correctly cite *Kelly v. Nationsbanc*, 17 P.3d 790, 795 ¶25 (Ariz. App. 2001), for the proposition that Plaintiffs had a duty to stay appraised of the postponedسale date. However, for Plaintiffs to stay so appraised, Defendants must have strictly complied with the postponement provisions of the Deed of Trust statutes. Thus, the parties must brief whether Defendants inability to prove strict compliance results in an invalidation of the deed.

Third, the parties shall address whether the intervening actions by the lender or its agents could cause the Trustee to be ineligible to postpone the sale and instead required to give notice of a new sale. Specifically, once a Trustee sale is properly noticed, the Trustee may postpone the sale as follows:

> The person conducting the sale may postpone...the sale from time to time...by giving notice of the new date, time and place by public declaration at the time and place last appointed for the sale. Any new sale date shall be a fixed date within ninety calendar days of the date of the declaration. After a sale has been postponed..., the trustee, on request, shall make available the date and time of the next scheduled sale...until the sale has been conducted or canceled.... No other notice of the postponed, continued or relocated sale is required except as provided in subsection C of this section.

A.R.S. § 33-810(B).

However, the question here is: if the lender implies to the borrower that the sale has been canceled, can the Trustee still postpone the sale without giving new notice. Specifically, in this case, Plaintiffs allege that CitiMortgage employees told them to ignore all correspondence from CitiMortgage regarding foreclosure proceedings (Doc. 1-2 at 3) and that everything was on hold and nothing would be commenced because Plaintiffs had sought a modification. *Id.* A sub-issue is whether Plaintiffs could rely on such representations from the lender, rather than the Trustee who noticed the sale. A final sub-issue is whether Plaintiffs in fact cured their default by making the modified payments, thereby requiring the Trustee to cancel the sale under A.R.S. § 33-813(E) and (F), which would in turn require new

---

[6] In other words, the parties shall address whether Plaintiffs are entitled to a jury trial on this issue, or whether the Court should exercise its equitable powers to order Fannie Mae to reconvey the house back to Plaintiffs, subject to the Deed of Trust.

- 5 -

notice.

### III. Supplemental Briefing

**IT IS ORDERED** that by Tuesday, April 5, 2011, the parties shall file a supplemental briefs addressing all issues raised herein. Each supplemental brief shall not exceed 20 pages.

DATED this 31st day of March, 2011.

James A. Teilborg
United States District Judge